UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF THE COMPLAINT<br>OF ECOSERV, LLC, AS DEMISE<br>CHARTERER/OWNER PRO HAC VICE<br>OF BARGE NESI 11, FOR EXONERATION<br>FROM OR LIMITATION OF LIABILITY | CIVIL ACTION<br><br><br><br>19-132-SDD-SDJ |

## RULING

Before the Court is a *Motion for Summary Judgment*[1] filed by Plaintiff-in-Limitation ("Ecoserv"). In response, Amos Ambrose ("Claimant") filed a *Motion to Continue Ruling*[2] that did not respond substantively. Instead, Claimant asks the Court to extend the discovery period and continue ruling on Ecoserv's *Motion* under Fed. R. Civ. P. 56(d).[3] Ecoserv filed an *Opposition*[4] to Claimant's *Motion to Continue Ruling.* For the following reasons, Claimant's *Motion* shall be DENIED insofar as it requests an extension of discovery but GRANTED in that Claimant shall have until close of business on December 18, 2020 to file a substantive response to Ecoserv's *Motion for Summary Judgment.*

**I.    BACKGROUND**

On May 16, 2018, Claimant, an employee of Vessel Repair, Inc., was performing welding work on a barge, NESI 11, which was either owned or chartered by Ecoserv.[5] The work allegedly created exhaust fumes which caused Claimant to pass out and sustain injuries.[6] Claimant asserts that this was the result of poor ventilation in that area of NESI

---

[1] Rec. Doc. No. 22-1.
[2] Rec. doc. No. 27-1.
[3] *Id.* Claimant erroneously moves for this relief under Rule 56(f), which was renumbered to 56(d) in 2010.
[4] Rec. Doc. No. 28.
[5] Rec. Doc. 22-1, p. 2; Rec. Doc. 27-1, p. 2.
[6] Rec. Doc No. 27-1, p. 2.

64205

11.[7] Claimant brought suit, and Ecoserv filed the instant action seeking an exoneration from or limitation of liability.[8]

Claimant implies that the Court should grant his *Motion* and extend discovery because there was a breakdown in communication between Claimant and his attorney.[9] Claimant's attorney filed a *Motion to Withdraw* from this case on May 18, 2020 because he had not communicated with Claimant and believed Claimant had retained other counsel.[10] According to Claimant's attorney, Claimant asked his attorney to strike that *Motion* on May 27 at least in part because Ecoserv had filed the *Motion for Summary Judgment*.[11]

## II.  LAW AND ANALYSIS

**Rule 56(d) Motion to Allow Additional Discovery Before Ruling on Motion for Summary Judgment**

Rule 56(d) provides:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order.

"[A] request to stay summary judgment under Rule 56(d) must set forth a plausible basis for believing that specified facts, susceptible of collection within a reasonable time frame, probably exist and indicate how the emergent facts, if adduced, will influence the outcome of the pending summary judgment motion."[12] "In order to obtain additional discovery under this Rule, [the movant] 'must show

---

[7] *Id.*
[8] Rec. Doc. No. 1.
[9] Rec. Doc. No. 27-3.
[10] *Id.* at 2.
[11] *Id.*
[12] *Renfroe v. Parker*, 974 F.3d 594, 601 (5th Cir. 2020)

(1) why they need additional discovery and (2) how that discovery will create a genuine issue of material fact.'"[13] "If the requesting party 'has not diligently pursued discovery, however, she is not entitled to relief' under Rule 56(d)."[14]

Claimant asks the Court to allow him to depose Claimant's former co-worker and an Ecoserv corporate representative.[15] Claimant asserts that they have knowledge of either the inadequacy of NESI 11's ventilation system and/or Ecoserv's failure to warn Claimant's employer about that inadequacy.[16] These broad assertions do not provide a "plausible basis for believing that specified facts" "probably exist."[17] Rather, Claimant merely argues that these proposed witnesses could have information that might support his theory of the case. This is insufficient under applicable jurisprudence.

Moreover, Claimant has not shown that he "diligently pursued discovery."[18] Claimant provides no reason for why he was unable to take the depositions during the discovery period besides the implication that Claimant's counsel did not take the depositions because he lost contact with Claimant.[19] This implication is insufficient to demonstrate that Claimant diligently pursued discovery and is belied by the timeline in this case.

---

[13] *Guidry v. Georgia Gulf Lake Charles L.L.C.*, 479 F. App'x 642, 644 (5th Cir. 2012) (quoting *Beattie v. Madison County Sch. Dist.*, 254 F.3d 595, 606 (5th Cir. 2001)) (cleaned up).
[14] *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir.2001)).
[15] Rec. Doc. No. 27-1, p. 3.
[16] *Id.*
[17] *Renfroe v. Parker*, 974 F.3d 594, 601 (5th Cir. 2020).
[18] *McKay v. Novartis Pharm. Corp.*, 751 F.3d 694, 700 (5th Cir. 2014) (quoting *Beattie v. Madison Cnty. Sch. Dist.*, 254 F.3d 595, 606 (5th Cir.2001)).
[19] Rec. Doc. No. 27-1.

On August 9, 2019, Magistrate Judge Johnson issued the *Scheduling Order* in this case which provided for the end of discovery on March 30, 2020.[20] Ecoserv asserts, and Claimant does not rebut, that Ecoserv responded to Claimant's written discovery requests on February 27, 2020.[21] On March 24, 2020, the parties jointly filed a *Motion for Extension of Discovery Deadlines*.[22] This *Motion* was granted and discovery was extended till April 30, 2020.[23] On May 15, 2020, Ecoserv filed its Motion for Summary Judgment, and on May 18 Claimant's counsel filed a *Motion to Withdraw*.[24] Claimant's counsel withdrew said *Motion* on May 27.[25]

Claimant had Ecoserv's responses to written discovery in late February, but despite moving for additional time for discovery in March, did not seek to depose the requested witnesses. The failure to do so is unexplained. Claimant's counsel also does not explain when he lost contact with Claimant, how long the lack of communication continued, and most importantly, why the absence of communication prevented him from deposing the requested witnesses. In sum, Claimant does not explain why he was unable to depose the proposed witnesses during the discovery period. In the absence of a good explanation for failing to depose these witnesses during the roughly nine-month discovery period, the Court will not allow Claimant more time to do so.

---

[20] Rec. Doc. No. 17.
[21] Rec. Doc. No. 28, p. 4.
[22] Rec. Doc. No. 20.
[23] Rec. Doc. No. 21.
[24] Rec. Doc. No. 22; Rec. Doc. No. 23.
[25] Rec. Doc. No. 24.

### III.  CONCLUSION

For the foregoing reasons, Claimant's *Motion* is DENIED insofar as he asks for an extension of the discovery period. Claimant's *Motion* is GRANTED in that Claimant has until close of business on December 18, 2020, to file a substantive response to Ecoserv's *Motion for Summary Judgment*.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on December 9, 2020.

_____
**JUDGE SHELLY D. DICK
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF LOUISIANA**

64205