## UNITED STATES DISTRICT COURT

## MIDDLE DISTRICT OF LOUISIANA

IN THE MATTER OF THE COMPLAINT                                    CIVIL ACTION
OF ECOSERV, LLC, AS DEMISE
CHARTERER/OWNER PRO HAC VICE
OF BARGE NESI 11, FOR EXONERATION
FROM OR LIMITATION OF LIABILITY                          19-132-SDD-SDJ

## <u>RULING</u>

Before the Court is a *Motion for Summary Judgment*[1] filed by Plaintiff-in-Limitation

("Ecoserv"). Claimant Amos Ambrose ("Claimant") filed a *Response*,[2] to which Ecoserv

filed a *Reply.*[3] For the following reasons, Ecoserv's *Motion* shall be GRANTED.

## I.     BACKGROUND

On May 16, 2018, Claimant, an employee of Vessel Repair, Inc., was performing

welding work in the bow of a barge, NESI 11, which was either owned or chartered by

Ecoserv.[4] The work allegedly created fumes which Claimant succumbed to, and he

sustained injury.[5] Claimant asserts that this was the result of poor ventilation in that area

of NESI 11.[6] Claimant brought suit, and Ecoserv filed the instant action seeking an

exoneration from or limitation of liability.[7]

## II.     LAW AND ANALYSIS - Rule 56 Motion for Summary Judgment

In reviewing a party's motion for summary judgment, the Court will grant the motion

if (1) there is no genuine issue of material fact, and (2) the mover is entitled to judgment

---

[1] Rec. Doc. No. 22.
[2] Rec. Doc. No. 36.
[3] Rec. Doc. No. 39.
[4] Rec. Doc. No. 36, p. 2.
[5] *Id.*
[6] Rec. Doc. No. 36-1, p. 2.
[7] Rec. Doc. No. 1.

64450

as a matter of law.[8] This determination is made "in the light most favorable to the opposing party."[9] A party moving for summary judgment "'must "demonstrate the absence of a genuine issue of material fact," but need not negate the elements of the nonmovant's case.'"[10] If the moving party satisfies its burden, "the non-moving party must show that summary judgment is inappropriate by setting 'forth specific facts showing the existence of a genuine issue concerning every essential component of its case.'"[11] However, the non-moving party's burden "'is not satisfied with some metaphysical doubt as to the material facts, by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence.'"[12]

Notably, "[a] genuine issue of material fact exists, 'if the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'"[13] All reasonable factual inferences are drawn in favor of the nonmoving party.[14] However, "[t]he Court has no duty to search the record for material fact issues. Rather, the party opposing the summary judgment is required to identify specific evidence in the record and to articulate precisely how this evidence supports his claim."[15] "Conclusory allegations unsupported by specific facts . . . will not prevent the award of summary judgment; 'the plaintiffs [can]not rest on his allegations . . . to get to a jury without any "significant probative evidence tending to

---

[8] FED. R. CIV. P. 56(a).

[9] *Adickes v. S. H. Kress & Co.*, 398 U.S. 144, 157 (1970) (citing *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962); 6 V. MOORE, FEDERAL PRACTICE 56.15(3) (2d ed. 1966)).

[10] *Guerin v. Pointe Coupee Parish Nursing Home*, 246 F.Supp.2d 488, 494 (M.D. La. 2003) (quoting *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc)); *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-25 (1986).

[11] *Rivera v. Houston Indep. Sch. Dist.*, 349 F.3d 244, 247 (5th Cir. 2003) (quoting *Morris v. Covan World Wide Moving, Inc.*, 144 F.3d 377, 380 (5th Cir. 1998)).

[12] *Willis v. Roche Biomedical Lab., Inc.,* 61 F.3d 313, 315 (5th Cir. 1995) (quoting *Little*, 37 F.3d at 1075).

[13] *Pylant v. Hartford Life and Accident Insurance Company*, 497 F.3d 536, 538 (5th Cir. 2007) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[14] *Galindo v. Precision American Corp.*, 754 F.2d 1212, 1216 (5th Cir. 1985).

[15] *RSR Corp. v. Int'l Ins. Co.*, 612 F.3d 851, 857 (5th Cir. 2010).

64450

support the complaint.'"'"[16]

The parties have sought a bench trial in the present case.

> The Fifth Circuit has recognized that "a district court has somewhat greater discretion to consider what weight it will accord the evidence [presented on a motion for summary judgment] in a bench trial than in a jury trial." If a "[bench] trial on the merits will not enhance the court's ability to draw inferences and conclusions, then a district court properly should 'draw his inferences without resort to the expense of trial.'" However, the Fifth Circuit has cautioned that "a district court must be aware that assessments of credibility come into sharper focus" at the time of trial, therefore, "even at the summary judgment stage a judge in a bench trial has the limited discretion to decide that the same evidence, presented to him or her as trier of fact in a plenary trial, could not possibly lead to a different result."[17]

Claimant's suit arises under the Longshore and Harbor Workers' Compensation Act.[18] As a longshoreman, Claimant's right to sue a vessel owner for negligence arises exclusively under § 905(b). In order to succeed, Claimant must show Ecoserv breached one of the *Scindia* duties.[19] "*Scindia* articulated three 'narrow duties' owed by the vessel owner: '(1) a turnover duty, (2) a duty to exercise reasonable care in the areas of the ship under the active control of the vessel, and (3) a duty to intervene.'"[20] The turnover duty is the only one relevant here.

"The 'turnover duty' relates to the condition of the ship upon the commencement of stevedoring operations."[21] The vessel owner must "exercise ordinary care under the

---

[16] *Nat'l Ass'n of Gov't Emps. v. City Pub. Serv. Bd. of San Antonio, Tex.*, 40 F.3d 698, 713 (5th Cir. 1994) (quoting *Anderson*, 477 U.S. at 249).
[17] *Turner v. Pleasant*, 10-cv-7823, 2013 WL 823426 at *7 (E.D. La. Mar. 6, 2013) (quoting *In re Placid Oil Co.*, 932 F.2d 394, 397–98 (5th Cir. 1991)).
[18] 33 U.S.C. §§ 901 *et seq.*
[19] *Scindia Steam Navigation Co. v. De Los Santos*, 451 U.S. 156, 166–176 (1981)).
[20] *Manson Gulf, L.L.C v. Modern Am. Recycling Serv., Inc.*, 878 F.3d 130, 134 (5th Cir. 2017) (quoting *Kirksey v. Tonghai Mar.*, 535 F.3d 388, 391 (5th Cir. 2008)).
[21] *Moore v. M/V ANGELA*, 353 F.3d 376, 380 (5th Cir. 2003).

circumstances to turn over the ship and its equipment in such condition that an expert stevedore can carry on stevedoring operations with reasonable safety."[22] The vessel owner must also "warn the stevedore of latent or hidden dangers which are known to the vessel owner or should have been known to it."[23] The vessel owner has no duty to warn the stevedore of "dangers which are either: (1) open and obvious or (2) dangers a reasonably competent stevedore should anticipate encountering."[24] This "exception does not apply, however, if the longshoreman's only alternatives to facing the hazard are unduly impracticable or time-consuming or would force him to leave the job."[25] The "open-and-obvious inquiry should take place from the perspective of the injured longshoreman."[26]

Claimant asserts that Ecoserv breached its turnover duty by failing to warn Claimant of the lack of ventilation in the area of the bow needing repairs.[27] Claimant attests that there was "only one hole in and out" of the area of the bow where he was welding and that "[t]his area of the bow did not have any windows or ventilation where the heat and fumes could release."[28] Claimant argues that the lack of ventilation was a hazardous condition for welding, and Ecoserv's failure to warn Claimant's employer of the lack of ventilation was a breach of the turnover duty.[29] Ecoserv counters that "the heat and welding fumes complained of were not caused by some concealed fault in the barge,

---

[22] *Kirksey v. Tonghai Maritime*, 535 F.3d 388, 392 (5th Cir. 2008).
[23] *Id.* (emphasis added).
[24] *Id.*
[25] *Moore,* 353 F.3d at 381.
[26] *Manson Gulf, L.L.C. v. Modern Am. Recycling Serv., Inc.*, 878 F.3d 130, 136 n. 2 (5th Cir. 2017).
[27] Rec. Doc. No. 36, p. 4.
[28] Rec. Doc. No. 36-1, p. 2.
[29] *Id*; Rec. Doc. No. 36, pp. 4–5.

but were a product of the environment and work processes and procedures selected by [Claimant] and his employer."[30]

Because the Court is the fact-finder in this case, it has the discretion to weigh the evidence presented with this *Motion* as set forth above.[31] Ecoserv's *Motion* must be granted for two reasons. Claimant's theory of breach is that Ecoserv failed to warn Claimant's employer of the hazardous condition, the lack of ventilation in the bow, and that had Ecoserv done so, Claimant would have known to bring his own protective ventilation equipment.[32] Claimant thus recognizes that the lack of ventilation was only hazardous if work was performed without protective gear.[33] Ecoserv introduced summary judgment evidence that it did not direct Claimant's employer to use any particular work practice, tools, or equipment.[34] Ecoserv is entitled to "rely on the thesis that the stevedore is an 'expert and experienced' and will act with 'reasonable care.'"[35] Claimant has produced nothing to rebut Ecoserv's summary judgment evidence or create a genuinely disputed issue that Ecoserv knew or should have known that the open and obvious condition of the barge, would become a hazardous condition.

Moreover, even if the allegedly poor ventilation posed a hazard,  the open and obvious exception to the turnover duty applies. Claimant attests that there was only one hole in and out of the area he was welding with no ventilation or windows.[36] The physical

---

[30] Rec. Doc. No. 22-1, p. 8.
[31] The Court notes that it need not make credibility determinations to dispense with this *Motion*.
[32] Rec. Doc. No. 36, p. 5.
[33] Claimant's affidavit provides "[a]s I was welding, I passed out due to heat exhaustion and welding fumes." Rec. Doc. No. 36-1, p. 2. Claimant argues in his *Opposition* that he should have been warned of the lack of ventilation so that he would have brought his own protective equipment. Rec. Doc. No. 36, p. 5.
[34] Rec. Doc. No. 22-2, p. 2.
[35] *Polizzi v. M/V Zephyros II Monrovia*, 860 F.2d 147, 149 (5th Cir. 1988) ("*Scindia* entitles the shipowner to rely on the thesis that the stevedore is an 'expert and experienced' and will act with 'reasonable care.'").
[36] Rec. Doc. No. 36-1, p. 2.

structure of the bow, which was observed by Claimant, was not latent or hidden. Thus, by Claimant's own admission, the lack of ventilation or windows was open and obvious. Claimant has introduced no evidence to carry his burden of showing that "the only alternatives to facing the hazard [were] unduly impracticable or time-consuming or would force him to leave the job," so the open and obvious exception applies.[37] In fact, Claimant concedes that he could have brought his own protective equipment.  Claimant was not presented with a "Hobson's choice" of deciding whether to work under hazardous conditions or not work. Protective gear, which Claimant admits he could have used, would have ameliorated the open and obvious risk of poor ventilation.  As such, because Claimant had "actual knowledge of [the] remediable hazardous condition[,] [Ecoserv's] turnover duty is not implicated. . ."[38]

### III.    CONCLUSION

For the foregoing reasons, Ecoserv's *Motion for Summary Judgment* is GRANTED.

*Judgment* shall be entered accordingly.

**IT IS SO ORDERED.**

Signed in Baton Rouge, Louisiana on January 4, 2021.

**JUDGE SHELLY D. DICK**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**

---

[37] *Moore v. M/V ANGELA*, 353 F.3d 376, 381 (5th Cir. 2003); see also *Polizzi v. M/V Zephyros II Monrovia*, 860 F.2d 147, 149 (5th Cir. 1988) ("*Scindia* entitles the shipowner to rely on the thesis that the stevedore is an 'expert and experienced' and will act with 'reasonable care.'").
[38] *Manuel v. Cameron Offshore Boats, Inc.*, 103 F.3d 31, 34 (5th Cir. 1997).

64450